IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 27, 2021

## KWAME LEO LILLARD v. JAMES WALKER, ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 19C1463, 19C1659, 19GT2418        Joseph P. Binkley, Jr., Judge**

_____

### No. M2020-00328-COA-R3-CV
_____

This appeal arises out of a dispute over a mobile home and real property. Because the appealed order awards reasonable attorney's fees but does not set the amount of those fees, we dismiss the appeal for lack of a final judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

FRANK G. CLEMENT, JR., P.J., M.S., ANDY D. BENNETT, and W. NEAL MCBRAYER, JJ.

James Broderick Johnson, Nashville, Tennessee, for the appellant, James Walker.

Maria Estes Hall, Nashville, Tennessee, for the appellee, Kwame Lillard.

Fredrick Waller, Madison, Tennessee, pro se.

### MEMORANDUM OPINION[1]

This appeal involves two consolidated cases.[2] In the first case, Kwame Leo Lillard sought possession of real property, back rent, and attorney's fees from James Walker. In

---

[1] Under the rules of this Court, memorandum opinions may not be published, "cited[,] or relied on for any reason in any unrelated case." Tenn. Ct. App. R. 10.

[2] The trial court consolidated the two cases for trial only, but entered a single order for both cases. The appellant filed a single notice of appeal listing both trial court numbers, the clerk of this Court assigned the notice a single appeal number, and the Court has received a single record. To the extent the two cases remained separated, this Court consolidated the two appeals on October 8, 2020.

the second case, Mr. Walker sought possession of a mobile home from Fredrick Waller. On January 31, 2020, the trial court entered an order awarding Mr. Walker possession of the mobile home but no money damages and awarding Mr. Lillard possession of the real property and a judgment for unpaid rent in the amount of $6086.71. The order also awarded Mr. Lillard his reasonable attorney's fees, but did not set the amount of those fees. Mr. Walker has appealed.

A party is entitled to an appeal as of right only after the trial court has entered a final judgment. Tenn. R. App. P. 3(a). A final judgment is a judgment that resolves all the claims between all the parties, "leaving nothing else for the trial court to do." *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). An order that adjudicates fewer than all the claims between all the parties is subject to revision at any time before the entry of a final judgment and is not appealable as of right. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d at 645.

On October 8, 2020, this Court determined that the January 31, 2020 order was not final because it did not set the amount of attorney's fees awarded to Mr. Lillard. We thus ordered the parties either to obtain a final order setting the amount of attorney's fees within ninety days or show cause why the appeal should not be dismissed. Although more than ninety days have passed, no final order has been entered, and the parties have not otherwise responded to the October 8, 2020 show cause order.

The appeal is hereby dismissed for lack of a final judgment. The dismissal is without prejudice to the filing of a new appeal once a final judgment has been entered. The case is remanded to the trial court for further proceedings consistent with this opinion. The appellant is taxed with the costs of the appeal for which execution may issue.

PER CURIAM

- 2 -